IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | | |
|---|---|---|
| **LARITA BROWN,** | ) | FILED: MARCH 24, 2008 |
| | ) | 08CV1703     EDA |
| **Plaintiff,** | ) | JUDGE LEINENWEBER |
| | ) Case No: | MAGISTRATE JUDGE KEYS |
| v. | ) | |
| **HEALTH CARE SERVICES CORPORATION d/b/a** | ) | |
| **BLUE CROSS AND BLUE SHIELD OF ILLINOIS** | ) | |
| | ) | |
| **Defendant.** | ) | **JURY DEMANDED** |

## COMPLAINT

Plaintiff, Larita Brown, by and through her attorneys, James T. Derico, Jr. and Derico & Associates, P.C., states her complaint against Defendant, Health Services Corporation d/b/a Blue Cross and Blue Shield of Illinois ("Blue Cross") as follows:

### COUNT I
### (Retaliation Under Title VII)

1. Plaintiff brings this Count I pursuant to Title VII of the Civil Rights Act of 1964, Section 2000e-2 et seq., for discrimination in employment based on race. Plaintiff further contends that Defendant violated Title VII when the Defendant terminated Plaintiff. Specifically, Plaintiff contends that Defendant removed her from her position without justification because she complained of racial discrimination and harassment.

2. This Court has jurisdiction to hear this claim pursuant to 42 U.S.C. Section 2000e-5. Equitable and other relief are also sought under 42 U.S.C. Section 2000e-5 (g) and the Civil Rights Act of 1991 and 42 U.S.C. Section 1981 A to correct unlawful employment practices on the basis of race and to make the Plaintiff, the employee affected by the unlawful practices, whole.

3. Venue is proper in the Court pursuant to 28 U.S.C. Section 1391 (B) and Plaintiff's claims arose out of incidents occurring in Cook County, Illinois which is in this judicial district.

4. Plaintiff resides in Cook County, Illinois and was employed by the Defendant from February 2004 until September 2004. The Defendant is located in the State of Illinois, County of Cook, City of Chicago.

5. On information and belief Defendant, is licensed to do business in Illinois with its office located at 300 East Randolph Street, Chicago, Illinois, Illinois 60601.

6. On information and belief, Defendant employs over 500 employees.

7. The employment practices hereafter alleged to be unlawful were committed within the Northern District of Illinois, Eastern Division.

8. Between February 2004 and September 2004, Plaintiff satisfactorily performed her various jobs with the Defendant.

9. In early or mid-August 2004 Plaintiff complained to Defendant that she was being racially harassed by a white co-worker, Trish Stewart (Stewart).

10. On or about August 25, 2004, the Plaintiff again complained to Defendant that she was being harassed by Stewart because of her race.

11. Subsequently, on August 30, 2004 Stewart handed Plaintiff a piece of literature which Plaintiff found to be extremely racially offensive. On or about Thursday, September 2, 2004, Plaintiff reported the August 30, 2004 incident to Mr. Michael Hussman and Mr. Jim Szczepanski who were both employees of Defendant and Plaintiff gave them a copy of the racially offensive document she received from Stewart.

2

12. The very next day, on Friday, September 3, 2004, Defendant contacted Innovative Systems Group, Inc ("ISG")., and told ISG to contact Plaintiff and tell her not to return to the Defendant's premises.

13. Defendant claimed Plaintiff was dismissed from her assignment with them because of improper use of the email system and lack of work.

14. Defendant's stated reasons for terminating Plaintiff are pretextual and the true motive for Plaintiff's termination was her race and because she filed a charge with the EEOC.

15. Shortly after Defendant terminated Plaintiff the Defendant replaced Plaintiff.

16. Beginning in at least September 2004, Defendant acted in unlawful employment practices including: removing Plaintiff from her position because of her race, black, in violation of Section 703 (a) of Title VII, 42 U.S.C. Section 2000e-3 (a); and (b) causing the termination of Plaintiff's employment because of her race, black.

17. The effect of the practices complained of in paragraph 16 above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her race.

18. The unlawful employment practices complained of in paragraph 16 above were done with malice or with reckless indifference to Plaintiff's federally protected rights.

19. Blue Cross is an employer within the meaning of Title VII.

20. In terminating plaintiff, Defendant took adverse action against Plaintiff in retaliation for plaintiff's complaining of racial harassment.

21. As a result of the above conduct, defendant is guilty of violating Section 1981 which prohibits Defendant from retaliating against Plaintiff for having engaged in activities

3

protected under such Act.

22. Defendant's retaliatory conduct in terminating Plaintiff was intentional, willful, and malicious, and done with the purpose and intent of intimidating and striking back at plaintiff for exercising their federally protected rights to be employed without regard to race and to pursue charges and claims for racial discrimination without the threat of intimidation, retribution or duress.

23. As a direct and proximate result of defendant's wrongful retaliatory acts, Plaintiff has suffered actual damage and will continue to suffer damage caused by Defendant's retaliation against them for exercising their federally protected rights. Because of Defendant's callous and reckless disregard of Plaintiff's federally protected rights and unlawful acts of retaliation, Plaintiff claims punitive damages.

24. As a result of the above conduct, defendant is guilty of violating Section 704 (a) of Title VII which prohibits Defendant from retaliating against Plaintiff for having engaged in activities protected under Title VII.

25. As a direct and proximate result of defendant's wrongful retaliatory acts, Plaintiff has suffered actual damage and will continue to suffer damage caused by Defendant's retaliation against them for exercising their federally protected rights. Because of Defendant's callous and reckless disregard of Plaintiff's federally protected rights and unlawful acts of retaliation, Plaintiff claims punitive damages.

26. In December 2004, Plaintiff timely filed a charge of discrimination with the State of Illinois Department of Human Rights (IDHR). The Charge was also filed with the Equal Employment Opportunity Commission (EEOC). Subsequently, the IDHR filed a charge against

Defendant. A copy of the charge is attached hereto as Exhibit A. All conditions precedent to the institution of this lawsuit have been fulfilled.

27. On January 2, 2006 or soon thereafter, Plaintiff received from the EEOC a Notice of Right to Sue, a copy of which is attached hereto as Exhibit B.

28. As a result of Defendant having caused the termination of Plaintiff's employment, Plaintiff has been unable to secure comparable employment offering comparable status, pay and benefits. In addition, Plaintiff has suffered significant monetary loss.

**WHEREFORE,** Plaintiff, Larita Brown, respectfully requests that this Court:

1. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns and all persons in active concert or participation with Defendant, from engaging in any employment practice which discriminates against Plaintiff for complaining of racial harassment and discrimination.

2. Order Defendant to make whole Plaintiff by providing appropriate back pay including any lost retirement benefits, vacation time, bonuses and prejudgment interest, in amounts to be proven at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place reinstatement.

3. Order Defendant to make whole Plaintiff, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of in Paragraphs 16 through 22 above, including humiliation, in amounts to be determined at trial;

4. Order Defendant to pay Plaintiff punitive damages for its malicious and reckless conduct described in Paragraphs 16 through 22 above, in amounts to be determined at trial;

5. Plaintiff be awarded punitive damages as allowed under the Civil Rights Act of 1991.

6. Entry of money judgment against Defendant awarding amounts for Plaintiff's reasonable attorney's fees and for Plaintiff's costs incurred in bringing this action.

7. For such other legal and equitable relief as the court deems just and proper.

**JURY TRIAL DEMAND**

Ms. Larita Brown requests a jury trial on all questions of fact raised by this complaint.

Respectfully submitted,

By: _/s/ signature_

James T. Derico, Jr.
Derico & Associates, P.C.
77 W. Washington Street, Suite 500
Chicago, Illinois 60602
(312) 553-9253 (Phone)
(312) 553-1408 (Fax)
Ill. ARDC No.: 6190777

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Larita D. Brown
P O Box 208033
Chicago, IL 60620

CERTIFIED MAIL 7099 3400 0014 4054 0477

From: Chicago District Office
500 West Madison St
Suite 2800
Chicago, IL 60661

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2005-02712 | Tyrone Irvin, Enforcement Supervisor | (312) 353-0905 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_John P. Rowe_    1/2/2008
John P. Rowe,
District Director    (Date Mailed)

Enclosures(s)

cc: BLUE CROSS BLUE SHIELD

Exhibit A

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.

06W0719.17

AGENCY: [X] IDHR  [X] EEOC

CHARGE NUMBER: 2005CF3988

## Illinois Department of Human Rights and EEOC

| NAME (indicate Mr., Ms., Mrs.) | HOME TELEPHONE (include area code) |
|---|---|
| LARITA D. BROWN | 312-479-8860 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| P. O. BOX 208033 | CHICAGO, IL 60620 | 00/00/00 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE, LIST BELOW)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (include area code) |
|---|---|---|
| BLUE CROSS BLUE SHIELD | 15+ | 312 653 6000 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 300 E RANDOLPH | CHICAGO, IL 60603 | 043 |

| NAME | | TELEPHONE (include area code) |
|---|---|---|
| | | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

CAUSE OF DISCRIMINATION BASED ON: RETALIATION

DATE OF DISCRIMINATION
EARLIEST (ADEA/EPA): / /
LATEST (ALL): 09/04/2004
[ ] CONTINUING ACTION

THE PARTICULARS ARE (if additional space is needed attach extra sheet(s))

I.  A.   ISSUE/BASIS

DISCHARGE - SEPTEMBER 4, 2004, IN RETALIATION FOR OPPOSING UNLAWFUL DISCRIMINATION BASED ON MY RACE, BLACK

B.   PRIMA FACIE ALLEGATIONS

1. On February 23, 2004, I began my assignment with Respondent as an Administrative Assistant. I was assigned to Respondent by Innovative Systems Group, Inc., who is contracted by Respondent to supply administrative support. Respondent controlled my work schedule, my working conditions, provided supervision and determined the length of my assignment.

2. On September 1, 2004, I engaged in a protected activity when I complained to Michael Husmann (white), Privacy

Cont'd...

---

I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

SUBSCRIBED AND SWORN TO, BEFORE ME  7/27/05
NOTARY SIGNATURE    MONTH DATE YEAR

"OFFICIAL SEAL"
JACQUELYN TURNER HAMB
Notary Public, State of Illinois
My Commission Expires 8/4/05
Notary Seal

SIGNATURE OF COMPLAINANT    DATE 7-27-05

I declare under penalty that the foregoing is true and correct. I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief.

EEOC FORM 5 (5/05)    FEP9MEE3

Complainant Name:   LARITA D. BROWN
Charge Number:      2005CF3988
Page 2

    Officer, and Jim Szczepanski (white), Compliance Manager, about a racially offensive joke that was given to me by Trish Stewart (white), Consultant. I also informed M. Husmann who referred me to Szczepanski about other racial comments or conversations that Stewart initiated which I found offensive to my race, black.

2. On September 4, 2004, I was discharged via telephone by Melissa Macleod (white), Recruiter at Innovative Systems Group. The reason given by Macleod for my discharge was personal misuse of the email.

3. Similarly situated employees, Kathy Aquitania, and America Baez, Consultants, have used Respondent's e-mail system for their personal use, but did not oppose unlawful discrimination were not discharged.

4. My discharge followed my protected activity within such a period of time as to raise an inference of retaliatory motivation.

MEE/JJT